*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEVE WHITE,

      Plaintiff-Appellant,

UNPUBLISHED
March 19, 2020

v

CHRISTINE JOSEPH,

      Defendant/Cross-Defendant-Appellee,

and

CITIZENS INSURANCE COMPANY OF THE MIDWEST,

      Defendant/Cross-Plaintiff.

No. 345328
Wayne Circuit Court
LC No. 16-011771-NI

Before: M. J. KELLY, P.J., and FORT HOOD and BORRELLO, JJ.

PER CURIAM.

In this third-party no-fault action, plaintiff appeals by leave granted[1] the trial court's order granting defendant/cross-defendant Christine Joseph's motion for summary disposition under MCR 2.116(C)(10). We reverse and remand for further proceedings consistent with this opinion.

This action arises out of alleged injuries sustained by plaintiff on October 8, 2015, when Joseph rear-ended plaintiff's vehicle while driving on I-94. Plaintiff filed this no-fault insurance action on September 14, 2016. On December 15, 2017, Joseph filed a motion for summary disposition under MCR 2.116(C)(10), arguing that there were no genuine issues of material fact

---

[1] *White v Joseph*, unpublished order of the Court of Appeals, entered February 6, 2019 (Docket No. 345328).

as to whether plaintiff suffered a serious impairment of body function as a result of the car accident with Joseph. The trial court granted Joseph's motion, and this appeal followed.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Id*. at 160. When considering a motion under MCR 2.116(C)(10), the trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. *Id*. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. (citation omitted). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (citation and quotation marks omitted).

Michigan's no-fault insurance statute limits tort liability by not only requiring a plaintiff to prove that an injury was caused by an auto accident, but also to prove that the injury meets a threshold to impose tort liability. *Patrick v Turkelson*, 322 Mich App 595, 606; 913 NW2d 369 (2018). Under MCL 500.3135(1), "a person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement." At issue in this case is whether plaintiff suffered a serious impairment of body function.

A serious impairment of body function is an "objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." MCL 500.3135(5). In order to prove a serious impairment of body function, a plaintiff must demonstrate:

> (1) an objectively manifested impairment (observable or perceivable from actual symptoms or conditions) (2) of an important body function (a body function of value, significance, or consequence to the injured person) that (3) affects the person's general ability to lead his or her normal life (influences some of the plaintiff's capacity to live in his or her normal manner of living). [*McCormick v Carrier*, 487 Mich 180, 215; 795 NW2d 517 (2010).]

"The serious impairment analysis is inherently fact- and circumstance-specific and must be conducted on a case-by-case basis." *Id*. Additionally, "the statute only requires that some of the person's *ability* to live in his or her normal manner of living has been affected, not that some of the person's normal manner of living has itself been affected." *Id*. at 202. Further, the statute does not include "an express temporal requirement as to how long an impairment must last in order to have an effect on 'the person's ability to live his or her normal life.' " *Id*. at 203.

If factual disputes exist "regarding the nature and extent of a person's injuries, the threshold question of whether there was a serious impairment of body function is for the jury and may not be decided as a matter of law." *Patrick*, 322 Mich App at 608. That is, "the issue of whether a serious impairment of body function has been incurred is a question of law to be decided by the court only if (1) there is no factual dispute concerning the nature and extent of the person's injuries, or (2) there is a factual dispute concerning the nature and extent of the person's injuries, but the dispute is not material to the determination whether the person has suffered a serious impairment of body function." *Id*. at 607-608 (quotation marks and citation omitted). We conclude that there

are factual disputes concerning the nature and extent of plaintiff's back and neck injuries, and that those disputes are material to determining whether the serious impairment of body function threshold is met.

Shortly after the accident, plaintiff went to an urgent care center complaining of back pain, blurred vision, headaches, and dizziness. Thy physician at the urgent care facility observed that plaintiff had a limited range of motion in his spine, significant muscle spasms in his spine, and lumbar tenderness. Some medical professionals also believed that plaintiff could have had a concussion or even a traumatic brain injury. MRI reports revealed several bulging and potentially herniated discs in plaintiff's spine, and electromyography reports of plaintiff's upper and lower extremities were suggestive of bilateral radiculopathy—or a pinched nerve. Although he did not do so, it was recommended that plaintiff have surgery for a herniated disc. Additionally, plaintiff was referred to physical therapy and a chiropractor, and work restrictions were imposed.

Plaintiff testified at his deposition to a number of ways in which his injuries—which he argues were a result of the accident—impacted his life. Plaintiff testified that, after the accident, his back pain prevented him from sleeping through the night and from falling into a deep sleep. As a result, plaintiff frequently experienced fatigue. This fatigue and a resulting lack of motivation caused plaintiff to no longer fully participate in some of the activities he enjoyed before the accident, including exercise and photography. Plaintiff also testified at his deposition that his ability to read and comprehend reading has been strained. Plaintiff experiences eye fatigue and no longer reads for enjoyment.

Plaintiff was evaluated by several independent medical professionals in relation to this litigation, most of whom concluded that plaintiff did not have objective evidence of any injury or condition arising from the accident. Some opined that plaintiff's injuries preexisted the accident, however, at least one doctor did report that plaintiff's neck and back pain could be related to the accident.

Thus, although some of the independent medical evaluators would disagree, for the purposes of this Court and summary disposition, plaintiff has provided at least some evidence that he suffered some level of brain and spine injury from the accident that has caused continuing headaches and pain, and, at the very least, has created a question of fact concerning the nature and extent of his injuries. This factual dispute is material to determining whether the serious impairment of body function threshold is met because the conflicting medical evidence is relevant to determining whether plaintiff suffered an objectively manifested impairment. Therefore, because there is some question regarding the nature and extent of plaintiff's injuries, and because the dispute is material to determining whether the serious impairment of body function threshold is met, the court should not have granted defendant's motion for summary disposition. *McCormick*, 487 Mich at 193-194.

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Karen M. Fort Hood
/s/ Stephen L. Borrello